## Anna K. Chase v. George Chase.

1. INFANTS—*Power of a Court of Chancery as to the Custody of.*— The power of a court of chancery as to the custody of the children of divorced parents is not exhausted by the entry of the original order in the divorce suit, but is continuing for the purpose at any time, of making such alterations thereof as shall appear to the chancellor, in the exercise of a sound discretion, reasonable and proper.

2. SAME—*Removal From the State of Wards of the Court not Favored.*—The custody of an infant being in dispute, the mother admitted an intention to take him out of the State and beyond the jurisdiction of the court, where his father and a brother and sister would have no opportunity to visit or associate with him. *Held*, that this was against the policy of the law and ought not to be permitted.

Petition, asking for the custody of children. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1896. Affirmed, Opinion filed June 26, 1897.

SETH F. CREWS, attorney for appellant.

SAMUEL P. HALL, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

On November 13, 1889, appellee, in the Circuit Court of La Salle County, obtained a decree of divorce from appellant on the ground of desertion. The parties had three children, and by the terms of the decree, the care and custody of the two older ones was given to appellee, the father, and that of the youngest one, Hugh Merrill Chase, then a boy of about six years old, was given to appellant, the mother. The decree also awarded to appellant $20 per month for the support and maintenance of the child, to be paid by appellee.

Appellant having remarried and being about to leave the State of Illinois with her husband and the child in question, to reside in the State of Iowa, appellee filed a petition in the Circuit Court of La Salle County, setting up the facts, and praying a modification of the decree so as to give him the custody of the boy, Hugh Merrill Chase, and relieving him from the payment of the $20 per month required by the original decree.

Appellee answered the petition, admitting the remarriage and the intention to remove to Iowa with her husband and the child, but denying that appellee was a proper person to have the care and custody of said Hugh Merrill Chase.

A hearing was had before the court, and a supplemental decree entered which provided that appellant should not take the boy beyond the jurisdiction of the court. The court finds in the decree that the interest of the child will be best conserved by living where he can have daily social contact with his brother and sister, and then orders that appellee George Chase be given the custody of the child until the further order of the court.

From the supplemental decree appellant prosecutes her appeal to this court.

The only legal question presented is, as to the power of the court, at a subsequent term to that at which the original decree was entered, to modify or change its terms, it being insisted that said original decree was binding upon the

parties, conclusive and final.  Authorities are cited in support of a proposition that a final decree in chancery, can not be opened, altered or modified, after the expiration of the term at which it is entered, in the absence of fraud, and that if erroneous, the only remedy is by writ of error or appeal.

We think these authorities have no application to the case at bar.

Our statute on divorces (Chap. 40, Sec. 18), provides that " When a divorce shall be decreed the court may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as from the circumstances of the parties and the nature of the case shall be fit, reasonable and just;   *   *   *   and the court may, on application from time to time, make such alterations in the allowance of alimony and maintenance and the care, custody and support of the children, as shall appear reasonable and proper." 2 Starr & Curtis Stat. 892.

Under this statute it has been held that the power over the subject-matter of alimony is not exhausted by the entry of the original order, but is continuing for the purpose, at any time of making such alterations thereof as shall appear to the chancellor, in the exercise of a sound judicial discretion, reasonable and proper.   Cole v. Cole, 142 Ill. 19;  Foote v. Foote, 22 Id. 425;  Stillman v. Stillman, 99 Id. 196;  Lennahan v. O'Keefe, 107 Id. 620.

The same rule must be held to apply as to further orders concerning the care and custody of the children.

There was clearly no error on the part of the court in entertaining jurisdiction of the petition in this case, for a modification of the decree concerning the custody of the child.

The only remaining question is, did the court exercise a sound judicial discretion, in granting the prayer of the petition and decreeing the custody of the child to appellee ?  A careful examination of the record fails to satisfy us that the court committed any error in this respect.  The chancellor,

who entered the decree appealed from, had the parties before him, saw them, and heard them testify, and therefore had better opportunities than we have of ascertaining and determining what ought to be done in the premises, and what was for the best interests of the child.

We deem it unnecessary to detail the evidence, but we think it was amply sufficient to warrant the decree. It must be remembered that the decree of divorce was rendered for the fault of the mother, to wit, desertion. There is nothing in the record to show that the father has ever done anything to forfeit his right to the care and custody of the child, which in law is paramount to that of the mother. It was doubtless awarded to her in the original decree because of the tender years of the child, it being then only about six years old. The boy is now about thirteen years old, and beyond the age when it is so essential he should have a mother's care. The evidence shows he needs the guiding hand of a father, and a stronger control than that heretofore exercised over him by the mother. Besides, it is admitted that the intention is to take him out of the State and beyond the jurisdiction of the court, where his father and brother and sister would have no opportunity of visiting or associating with him. This is against the policy of our law, and ought not to be permitted. Miner v. Miner, 11 Ill. 43.

Under the evidence and all the facts and circumstances of the case, we think the decree was right and it will be affirmed.