## Maud M. Smith v. Robert S. Smith et al.

1. DIVORCE—*Binding Effect of the Decree—Estoppel of the Defendant.*—A decree of divorce granted on a hearing in open court upon evidence then adjudged, sufficient to establish the allegations of the bill of complainant, is binding upon party against whom such decree is entered, and he can not afterward be permitted to avoid its effects in any respect by averring matters which, if true, and interposed as a defense in apt time, would have prevented such decree.

2. SAME—*Custody of Children in Divorce Proceedings.*—So far as a decree giving the custody of a child of the parties is of a temporary nature it is *in fieri*, and to that extent the final disposition of the child remains with the court, and the parties are entitled to have it kept within the jurisdiction and reach of its process in order that its mandates may be immediately effective.

**Proceedings for Divorce and Custody of Children.**—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge. presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed December 10, 1901. Rehearing denied May 27, 1902.

A. J. BARR and JAMES L. LOAR, attorneys for appellant.

TIPTON & TIPTON and E. M. PRICE, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

In November, 1899, the appellant was granted a decree of divorce from appellee Robert S. Smith, by the terms of which the custody of their child, Gladys Smith, was temporarily given T. H. Smith, its grandfather; and a finding was made that the father, Robert S. Smith, should eventually receive custody of the child. April 22, 1901, the appellant filed her petition asking for a modification of this decree upon the allegations that T. H. Smith had caused the child to be removed without the State to the State of New York without the appellant's consent and against her express protest; and asked the court to order return of the child. The appellant later so amended her petition as to abandon her request for a modification of the decree, leaving the matter stand as an application to the court to enforce the provisions of its decree. Upon a hearing of the petition, at the close of appellant's evidence, the court, on the motion of the appellees, dismissed the petition as insufficient and because it was not supported by sufficient evidence. From this order this appeal is taken; and it is alleged that the court erred in so dismissing the petition; and the court should have granted the petition and ordered return of the child; and that the court should have sustained exceptions to the answer of the appellees.

The answer of appellees admits that on the 15th day of April, 1901, custody of the child was taken with the consent of T. H. Smith by the father, and that the child was then taken to New York and given into the custody of Miss Jennie Shaffer, an aunt of the father, who, as a single lady of mature years, is in every way well fitted to care for and rear the child. The answer further states that the decree for divorce was had by agreement as to its terms, refusing alimony to appellant and giving custody of the child; and that in furtherance of this agreement default was taken against Robert S. Smith and the decree entered on proof of adultery. But the answer proceeds to aver that the appellant prior to the divorce had been adulterous; and before the decree was entered was engaged to be married;

and to this part of the answer the appellant excepted and the court having overruled the exceptions its action thereon is urged as error.

The decree of divorce having been granted upon a hearing in open court of evidence then adjudged sufficient to establish the adultery of the husband, he can not now be permitted to avoid the effect of such decree in any respect whatever by averring facts, which, if true, and interposed as a defense in apt time, would have prevented the decree. The husband is bound by the decree and can not be heard to impeach it. His failure to make defense is just as effective as a bar, as a failure to maintain the same would be had it been interposed.

The appellant does not in this procedure seek the custody of the child; and the only force of the appellees' answer as excepted to, would thus be a tendency to impeach the decree of divorce; in which we consider the appellees are estopped and can not here raise that issue against appellant. The exceptions to the answer, therefore, should be sustained as noted.

In so far as the decree giving custody of the child to T. H. Smith was of a temporary nature, it is *in fieri*, and to that extent the final disposition of the infant remains to be made by the court; and the parties are entitled to have her kept within the jurisdiction and reach of the process of the court in order that its mandates may be immediately effective. Such was no doubt a consideration for the agreement between the father and mother as to the custody of the daughter by T. H. Smith. With the person of the child out of the jurisdiction of the court—out of the State—it is obvious that any further orders concerning its custody would not be immediately effective and thus necessarily deprive the parties of a substantial right. More than that, the appellant is granted the privilege of visiting her daughter and the order of the court was framed with a view of providing her opportunities to do so; and now that the daughter is so far removed, such opportunities are fairly withdrawn.

It is said in Miner v. Miner, 11 Ill. 43:

" It is apparent from the record that there is some inten-
tion on the part of the mother, if allowed to retain the cus-
tody of the child, to remove her beyond the limits of the
state.    This can not be tolerated and must be guarded
against.    While the custody of the child is given to the
mother, the father must not be wholly deprived of its soci-
ety, but must be allowed access to it upon all reasonable
occasions.    The child, although trusted to the care of the
mother, is nevertheless the ward of the court, and any at-
tempt on the part of either parent to alienate its affections
from the other, would be a contempt of the court, and
would be visited by its judgments as such.    Indeed, this,
by whomsoever attempted, would be held to be an abuse
of the child, which the court would consider it a solemn
duty to prevent."

Also we quote from Hewitt v. Long, 76 Ill. 399:

" The guardian of the person of an infant, appointed
under the inherent or statutory authority of the court, is,
for that purpose, an officer of the court.    Now, while we
do not deny the power of the court to permit the ward,
under special circumstances, to be taken temporarily out of
its jurisdiction, still it seems to us that to remove a guard-
ian who resides in the county of the court, and appoint
one who does not, and is to continue to reside beyond the
limits of the state, to whose domicile the ward is to be
taken, and there permanently to remain, is for the court to
divest itself of all practical power over the incidents of the
wardship, and to virtually abdicate its functions in respect
to those incidents.    For what control can the court have
over one, theoretically an officer of the court, but who re-
sides permanently beyond the limits of the state ?    What
protection can the court give to its ward thus permanently
residing ? what superintendence over her education ? how
manage and apply her estate ?

It is contended, as we understand them, by appellees,
that the court has no jurisdiction to entertain this petition
unless it is accompanied by a request for a modification of
the decree, as provided in section eighteen of the act relat-
ing to divorces.    We entertain no doubt that on mere
showing of the court that an obstruction of its order was
intended by the removal of the body of Gladys Smith, the
summary power of the court to prevent it would be thus

easily invoked without regard to whether the order of the court should be modified or adhered to; and this should as readily be done where no such obstruction was intended, but where, from the very nature of the removal, the same results would be produced.   The power of the court exists to enforce its decrees and to prevent obstruction to its power and authority, no matter whether the opposition be willful and studied or otherwise; and if meritorious, no petition or application to grant full and immediate force and effect to its orders should be refused.   In this case the petition of the appellant is sufficient upon its face to merit the consideration of the court.   The proofs, and the admissions of appellees, are to the effect substantially as announced by the appellant's petition, and it was therefore error to dismiss it.

It must be further observed that the court ordered the custody of the child to T. H. Smith; and that he accepted the office voluntarily, together with all that it imposed. By that he was enjoined to keep the body of Gladys Smith subject to the immediate force and effect of any orders of the court affecting her future disposition and to keep her where she could be visited reasonably by her parents.   As a citizen, and *pro forma*, to the extent delineated, as an officer of the court, he then had no more power of disposition of the child than the court, but was subject to its orders.   To be relieved of the burden thus accepted by him he must needs obtain the sanction of the court to be discharged from keeping her; and until that was had, it was his duty, and his alone, to bear this burden, if such it proved, undertaken by himself, and which would not have been imposed on him otherwise.   As a citizen he owed that allegiance, at least, to the court.   It is evident, therefore, that T. H. Smith was without warrant or authority to divest himself of the custody of this child.   He could not properly advocate this authority over the child to any but the court whence he derived it.   The custody of this child by Jennie Shaffer is therefore unauthorized.

It necessarily follows that the order of the Circuit Court

must be, and is, reversed and the cause remanded with directions to the Circuit Court of McLean County to sustain the exceptions of the appellant to the answer of the appellees according to the views herein expressed, and to grant the petition of the appellant and to order that the custody of Gladys Smith be immediately resumed by the appellee T. H. Smith, and that she be kept within the borders of the State of Illinois until the further order of the court.

Decree reversed and cause remanded.