**May R. Martinec, formerly known as May R. Sharapata, Appellee, v. Leonard C. Sharapata, Appellant.**

**Gen. No. 43,639.**

Opinion filed April 8, 1946. Rehearing denied April 22, 1946. Released for publication April 23, 1946.

HARRY LEVITON, of Berwyn and Chicago, for appellant; AARON R. EPPSTEIN, of Chicago, of counsel.

WALTER C. WELLMAN, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

July 26, 1945, petitioner obtained a decree of divorce from her husband, Leonard Sharapata, on the ground of cruelty. A stipulation of the parties was filed as to division of property, which the court found fair and approved the decree. The parties were married at Brookfield, Illinois, February 11, 1933. A boy, Kenneth, was born of the marriage. At the time of the divorce decree he was 4 years of age.

Defendant was awarded the home at Berwyn, Illinois. Plaintiff was to quitclaim it to him. He agreed to indemnify her from any claims or demands on account of his ownership. With exceptions, which included plaintiff's own clothes, defendant was awarded the household furniture and the automobile. The decree provided:

"It is further Ordered, Adjudged and Decreed that plaintiff be and she hereby is awarded the sole care, custody, education and control of Kenneth, minor child of the parties hereto, during the school year, with custody of the said child to defendant during the summer vacation months, each of the parties hereto to have right of visitation at all reasonable times when the said child is in the custody of the other.

"It is further Ordered, Adjudged and Decreed that plaintiff shall reside with the said minor child in Cook County, Illinois, until the further order of Court."

It also provided that while the child was with plaintiff defendant should pay $10 per week in advance for his support to begin "immediately" with the entry of the decree. The decree also provided the court retain jurisdiction to investigate the fitness of the new home "in the event either party remarries, and to enforce the terms of this Decree."

August 30, 1945, plaintiff was remarried to Captain Martinec of the United States Army. September 14, 1945, plaintiff filed her petition announcing her remarriage, stating that her new husband was a medical officer, was at present in Chicago on furlough with orders to report at Santa Barbara, California, September 19, 1945, for reassignment ''to an army hospital in the United States.'' Her petition states she believes it to be fair and equitable under the circumstances and to the best interests of the minor child that he reside with her during the school year ''in such State where the said Captain Martinec is assigned.'' She therefore prays that the part of the divorce decree which required plaintiff to ''reside with the minor child of the parties hereto in Cook County, Illinois,'' be vacated, and that she be given permission to reside with the minor child during the school year ''where her present husband, Captain Martinec, is stationed by the United States Government.'' She also prays for other relief.

The record fails to show the petition was verified, although there are indications that it may have been the intention so to do.

The former husband answered the petition denying petitioner was entitled to have the relief asked for. He said it would nullify his right to visit his child and denied that the relief requested would be for the best interests of the child. He says that when the divorce decree was signed, petitioner went to California and did not see the child until she returned to Berwyn after her marriage to Captain Martinec. He says she left no forwarding address where she could be reached in case of emergency; that if plaintiff is permitted to remove the child from the jurisdiction there is no assurance he will ever be returned to Illinois; that respondent might be required to travel thousands of miles in quest of his child. The answer says the pe-

titioner should be required to live up to the terms of the decree of divorce. He also says he has a good home for the child in this jurisdiction; that his entire life is dedicated to the child; that he loves him, and that to be deprived of the right to see him would cause distress and "heartbreak" to him.

This answer is duly verified.

The petition came on for hearing September 14, 1945, before a judge other than the one who entered the decree of divorce. The matter was continued from time to time. An examination of the record indicates that no witness was sworn, and that the hearing consisted entirely of statements and pleas by the respective attorneys of the parties, of Captain Martinec and respondent. The record does not indicate the child was present. Captain Martinec made a statement as to certain remarks of the child, of which he complained. These indicated a precocious child, who had definite opinions about the man to whom his mother was remarried.

October 16, 1945, the judge entered an order granting the prayer of the petition. It is as follows:

"It is therefore Ordered that plaintiff's motion for modification of Decree relative to custody be and the same hereby is granted; that until the further order of Court plaintiff be and she hereby is permitted to reside with the said minor child of the parties hereto in the United States outside of the State of Illinois during each school year, that defendant have leave to see said child, at plaintiff's place of abode, at reasonable times during the school year if he so desires, that defendant have leave to have said child during the remaining summer months, that plaintiff be and she hereby is Ordered to deliver said child to defendant at his home within five days after the end of each school year, at plaintiff's expense, and that defendant be and he hereby is Ordered to permit plaintiff to se-

cure said child from defendant's home five days prior to the beginning of each school year, at plaintiff's expense.

. . .

"It is further Ordered that plaintiff shall not take the said child out of the State of Illinois until October 21, 1945, but that she may do so thereupon and thereafter in accordance with the foregoing order or pending any appeal taken by defendant."

Notice of appeal was filed by the defendant October 17, 1945.

The parties seem to agree that section 18 of the Divorce Act (Ill. Rev. Stat. 1945, ch. 40, par. 19 [Jones Ill. Stats. Ann. 109.186]) is applicable and controlling. We hold the statute with amendments has not materially changed the law as declared by the courts in *Miner v. Miner,* 11 Ill. 43, 50, 51, and *Smith v. Smith,* 101 Ill. App. 187, 189.

In *Miner v. Miner* at page 51, the court said:

"It is apparent from the record that there is some intention on the part of the mother, if allowed to retain the custody of the child, to remove her beyond the limits of the state. This can not be tolerated, and must be guarded against."

In *Smith v. Smith* at page 189, the Appellate Court said:

"In so far as the decree giving custody of the child to T. H. Smith was of a temporary nature, it is *in fieri,* and to that extent the final disposition of the infant remains to be made by the court; and the parties are entitled to have her kept within the jurisdiction and reach of the process of the court in order that its mandates may be immediately effective. Such was no doubt a consideration for the agreement between the father and mother as to the custody of the daughter by T. H. Smith. With the person of the child out of

the jurisdiction of the court—out of the State—it is obvious that any further orders concerning its custody would not be immediately effective and thus necessarily deprive the parties of a substantial right.''

To the same effect are *Hewitt v. Long,* 76 Ill. 399, and *Chase v. Chase,* 70 Ill. App. 572.

The record does not contain the evidence on which the divorce decree was entered. Every presumption is in its favor. If its provisions are to be changed, the burden of proof is on the party so moving to show why it should be done. The cases seem to agree that in a situation like this the interest of the child is pre-eminently the thing to be considered. It appears here the infant has a good home within the jurisdiction. Plaintiff is estopped by that decree and by her own contract and conduct. She practically abandoned her child to enter into this speedy remarriage. Three days after the divorce she left the child with its father, the defendant, who resided with a married sister in his home in Berwyn; went to California and was remarried August 30, 1945. She returned to Chicago, resumed possession of the child, and filed her petition for a change of the decree, as stated. She is now represented by an attorney other than the one who represented her when he o.k.'d for her the divorce decree. Her present attorney has made a diligent search for cases from different jurisdictions tending to sustain her view that she has a right to take the child wherever she pleases. As we have seen, that is not the law of this State. It was suggested on the trial the case was one requiring the wisdom of Solomon. As we recall that case, Solomon did not solve his problem by divesting himself of jurisdiction.

The order will be reversed.

*Reversed.*

O'Connor and Niemeyer, JJ., concur.