Marion Wolfrum, Plaintiff-Counterdefendant-Appellant, v. Alfred H. Wolfrum, Defendant-Counterplaintiff-Appellee.

Gen. No. 9,995.

Third District.

April 7, 1955.

Rehearing denied May 3, 1955.

Released for publication May 3, 1955.

Paul C. Verticchio, of Gillespie, for plaintiff-counter-defendant-appellant.

McLin J. Brown, of Hillsboro, for defendant-counter-plaintiff-appellee.

MR. JUSTICE HIBBS delivered the opinion of the court.

On April 13, 1953 Marion Wolfrum filed her complaint for divorce in the circuit court of Montgomery county alleging desertion by her husband and asking

custody of their two children, a boy age six and a girl age four and a half. Alfred H. Wolfrum filed his answer to the complaint on February 17, 1954 and also his counterclaim asking that a divorce be granted him because of his wife's adultery and that the custody of their children be awarded to him. Mrs. Wolfrum filed her answer to the counterclaim on March 15, 1954 and on April 15, 1954 a hearing was had, which resulted in a decree dismissing the original complaint for divorce and granting a divorce and custody of the children to Wolfrum according to the prayer of his counterclaim. Marion Wolfrum has appealed to this court.

■ ■ Appellant first contends that the circuit court erred in finding her guilty of adultery and granting her husband a divorce on that ground. She denied under oath that she had been unfaithful to her marriage vows and contends that the circumstantial evidence relied upon by her husband to prove her unfaithful is not sufficient probative value to establish that fact. We do not believe it necessary to repeat in detail the evidence adduced by appellee. We do believe, however, that the testimony of his witnesses including that of Mrs. Wolfrum's father, stepmother and brother was sufficient proof of circumstances from which the trial judge could reasonably infer that appellant was guilty of adultery. While it is true that to establish adultery there must be affirmative proof of the carnal act, Hoef v. Hoef, 323 Ill. 170, 153 N. E. 658; Fowler v. Fowler, 315 Ill. App. 270, 42 N.E.2d 954, it is also true that such proof is ordinarily established by circumstantial evidence. In Zimmerman v. Zimmerman, 242 Ill. 552 at page 558, the Supreme Court of Illinois pointed out that adultery "is an act committed in secrecy, and invariably the parties use every means in their power to conceal their act and prevent discovery . . . 'It, like all other charges, may be established by circumstantial evidence, and the evidence need only,

473

when considered together, convince the mind that the charge is true' . . ." We believe that there is ample evidence in the record to support that portion of the decree of the trial court granting a divorce on the ground of adultery to Alfred Wolfrum.

Mrs. Wolfrum next contends that even if it be assumed that her husband is entitled to a divorce, the trial court erred in awarding custody of their children to him and in permitting them to be taken temporarily from the State of Illinois. The decree provides that ". . . Alfred H. Wolfrum shall have the care, custody, control and education of their two minor children . . . without any further interference on the part of the said Marion Wolfrum, until the further order of this Court; that said minor children shall live at the home of Alfred A. Wolfrum and Bertha Wolfrum, counterclaimant's parents, at 15 Johnson Street, West Roxbury, Boston, Massachusetts, while counterclaimant is in the Naval Service, and until such time as his Naval Service is completed when counterclaimant shall return the children to the State of Illinois, and there provide a home for them, where he and said children shall live; that counterdefendant, Marion Wolfrum is given the right of visitation with said children at reasonable times and at reasonable places."

It appears from the record that Alfred H. Wolfrum is in the Navy, and when not at sea, is stationed at Bremerton, Washington. Mrs. Wolfrum lived in and about Bremerton after their marriage on December 28, 1946 until May of 1951. She and their two children, who had been born in the meantime, then returned with Wolfrum's consent to her mother's home on a farm near Virden, Illinois. Wolfrum visited his family in Illinois in June of 1951 and again in June of 1952. He has not visited them since then. Mrs. Wolfrum and the children moved from her mother's home in August of 1953 and have since resided alone and with friends in

various apartments in Jacksonville, Springfield and Girard, Illinois and in Washington, D. C. There is also evidence in the record from which it can be inferred that she and the children resided in the same apartment with the man with whom the trial court found she had committed adultery.

Alfred H. Wolfrum's parents, Alfred A. Wolfrum and Bertha Wolfrum live in Boston, Massachusetts. The younger Wolfrum testified, however, that upon his anticipated discharge from the Navy in 1956 he expects to settle permanently in Illinois rather than in Massachusetts.

██ ██ The trial court in divorce proceedings is vested with a broad discretion in determining the custody of minor children. (Nye v. Nye, 411 Ill. 408, 105 N.E.2d 300.) It is usual, however, to place small children in the care of their mother, if she is a fit person, since maternal care is especially necessary during early childhood. (People v. Hickey, 86 Ill. App. 20; Draper v. Draper, 68 Ill. 17; Miner v. Miner, 11 Ill. 43; Nye v. Nye, supra.) This is not an inflexible rule, however, since the welfare of the child is the prime consideration. (Livingston v. Livingston, 334 Ill. App. 261, 78 N.E.2d 831.) Thus, if a mother is shown to be unfit, reason demands that custody of children of tender years be awarded to the father if their care can be assured.

In the present case, it appears that Marion Wolfrum gave her children adequate physical care and that she had affection for them. The only question is whether her moral misconduct was sufficiently grave to justify the trial court in removing the children from her control. In Nye v. Nye, supra, the Supreme Court of Illinois affirmed a decision of the Appellate Court for the First District which reversed a decree of the circuit court of Cook county denying custody of small children to a mother who had followed a course of adulterous conduct with a man she later married. The Supreme

475

Court found that the mother's indiscretions had ceased upon her marriage to her paramour and that she was a respected member of her community. It therefore held that the circuit court erred in denying her prayer for custody.

■ The facts in the case at bar are quite different from those in the Nye case, supra. There is evidence in the record which, if believed, discloses a shocking course of adulterous conduct by Marion Wolfrum with a man who himself is married and the father of a family. Assuming that her prior conduct could be condoned, there is no assurance that Mrs. Wolfrum's conduct in the future will improve. While she may be in a position to marry after the divorce in this case, it cannot be assumed the man with whom she is involved can ever attain the same freedom or for that matter even desires to do so. The Nye case, upon which Mrs. Wolfrum relies so heavily, states the rule succinctly at page 415 as follows: ". . . past misconduct, where the evidence indicates no probable future misconduct, should not be a basis for denying custody to the mother." Mrs. Wolfrum's father and brother both indicated that they felt that she was not a fit person to have the custody of her children. From this and other evidence in the record the trial court could well believe that there was little hope of immediate reformation by Mrs. Wolfrum. We therefore hold that it exercised its discretion reasonably in awarding custody of the children to Alfred H. Wolfrum. The trial judge heard the witnesses and is far better able than this court to assess their credibility and to predict which parent will best care for the children in the future.

■ ■ Appellant further contends that the court erred in permitting the children to be taken outside of this State even for a limited period, because they and their custodians could not be reached with process of the circuit court of Montgomery county, and she

would be deprived of her substantial rights of visitation. Reliance is also had upon the principle that so to do is contrary to the policy of this State, and cite in support thereof the cases of Chase v. Chase, 70 Ill. App. 572; Smith v. Smith, 101 Ill. App. 187; Wade v. Wade, 345 Ill. App. 170. This latter principle is not an inflexible rule as illustrated by Schmidt v. Schmidt, 346 Ill. App. 436 where the above and other cases are reviewed, and the court concludes at page 444 as follows: "It appears to us that modern ways of living require us to adopt the view that where circumstances demand it for the best interests of the child, it should be permitted that he be taken outside of the State and the jurisdiction of the court."

We believe the need of removing the children from the influence of the mother was under all the circumstances appearing in the record a sufficient reason to justify their removal from this State for a limited period. It is true that appellant will be deprived of her rights of visitation for such period, but this is a consequence of her conduct, which she might well have foreseen. The paternal grandparents who live in Massachusetts are according to the record of good repute and eager and well able to properly care for the children. The period of time will be short, and there is no positive rule of law that prevents, in a proper case, such a provision in a divorce decree.

The decree provides that the appellee shall have the care and custody of his two children until the further order of the court, and they shall live at the home of their paternal grandparents while appellee is in the Naval Service until such service is completed, when the father shall return the children to the State of Illinois, and shall provide a home for them where he and said children shall live. The decree also provides that the mother be given the right of visitation with her children at reasonable times and places. The proofs

show that the appellee is to be discharged from the Navy in 1956 and expects to settle permanently in Illinois.

While we do not doubt the sincerity of appellee's promise to establish a home for himself and children in this State upon his discharge from the Navy, unforeseen events do occur which materially alter future conduct, decisions and commitments. We believe the trial court should have in its decree made adequate provision to enforce a compliance therewith. Appellee's parents live outside the jurisdiction of the circuit court of Montgomery county and are not subject to its process. If for any reason either they or the appellee should fail to return the children to this State according to the intendments of the decree, the trial court might be powerless to compel obedience thereto.

Alfred H. Wolfrum, the appellee, should be required to furnish a bond in an amount to be determined by the trial court, signed by himself, his father and mother, namely, Alfred A. Wolfrum and Bertha Wolfrum, as principals, with surety or sureties to be approved by said court, conditioned that they will return said children to Montgomery county, Illinois at such time as said court shall direct, and abide the further order of the court.

The decree is affirmed in part and reversed in part and the cause remanded to the circuit court of Montgomery county with directions to proceed in accordance with the foregoing opinion.

Affirmed in part, reversed in part and remanded.