Helen I. Stern, Plaintiff-Appellant, v. Seymour S. Stern, Defendant-Appellee.

Gen. No. 48,715.

First District, First Division.

February 11, 1963.

Harry A. Carlson, of Chicago, for appellant.

Meyer Weinberg and Harry G. Fins, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiff appeals from an order denying her petition of September 6, 1961, and sustaining defendant's motion to strike her petition of November 10, 1961. The September 6th petition sought to vacate orders entered December 13, 1960, and June 30, 1961, concerning the custody and religious training of the eight-year-old child of the parties. The November 10th petition, in addition to seeking to vacate the prior court orders, also sought to change the custody provisions regarding the child on the grounds that the father, by reason of past conduct, was unfit to have custody or visitation rights.

The parties were married on October 13, 1951, and divorced on January 12, 1960. By the terms of the divorce decree, entered pursuant to a stipulation and covenant, the mother was given custody of Scott, the minor son, then six years of age, "during the usual school term of each year, being a period of approximately nine months," and the father was given cus-

tody, "for and during the customary period of vacation from school in each year, being approximately of three months duration." The mother was given permission to reside in Florida with the child during the period she was entitled to custody and each party was given reasonable visitation rights while custody was with the other party.

On December 13, 1960, an order was entered by Judge Hershenson which recited, that on the agreement of the parties by their respective attorneys, leave was granted both parties to withdraw their pending post decretal petitions and answers and the reference to the Cook County Bureau of Social Service was vacated; * both parties were restrained from taking the child beyond an area of seventy-five miles from Cook County, but specifically excluding Peoria, plaintiff's mother's residence; visitation rights of the father were modified to alternate Sundays from 9:00 a. m. to 7:15 p. m. with overnight visitation on the other alternate weekends from 5:00 p. m. Saturday to 7:15 p. m. Sunday; and the father was directed to arrange for attendance of the child at Sunday School on Sunday a. m. in accordance with the rules of the temple (B'nai Zion Congregation).

Thereafter, another order was entered by Judge Hershenson on June 30, 1961. This order recited that the matter came up on the respective oral motions of the parties; that the parties were present in open court; and that evidence was heard. The mother was given permission to take the child on vacation outside Illinois from July 1 to July 9, 1961, and defendant was allowed to phone the child twice each week (on Tuesday and Thursday) after the dinner hour. The order also stated that the defendant had permission to enroll Scott in

---

* On September 30, 1960, an order was entered referring the matter of custody and visitation to the Bureau of Social Services, Department of Public Welfare.

B'nai Zion Hebrew Religious School, commencing with the September term, defendant to arrange transportation.

Plaintiff, in her petition of September 6th, denied she had consented to either the December 13, 1960, order or the June 30, 1961, order. She specifically objected to that portion of the order concerning the child's religious training, affirmatively alleging that when the June 30 order was entered, the court "definitely ruled that the request of the father to enroll the son of the parties hereto in a Hebrew School should be considered in the fall." She further alleged that constant bickering between the plaintiff and defendant over which church and school the child should attend is proving detrimental to the child; that plaintiff now attends St. Luke's Lutheran Church and she desires to enroll the child in Sunday School as a Protestant (as she did prior to the entry of the December 13 order), but that the school refuses to admit the child because he is enrolled in a Hebrew School. The petition prayed that the visitation rights of the father be modified to times other than Saturday night and Sunday and that the June 30, 1961, order be vacated and set aside.

Defendant's answer of September 22, 1961, contended that the plaintiff's petition was without legal foundation since the December 13th order was signed by plaintiff's counsel in her presence in open court; that plaintiff's consent to the June 30 order was not necessary since it was entered by the court after evidence was presented; that if there is bickering detrimental to the child's welfare, it is due to the provocative actions of plaintiff; that at the time of their marriage, plaintiff converted to Judaism, the faith of defendant; that the defendant was never deprived of the right to participate in the religious education of the child; and that the child had commenced to study

378

Judaism and his best interests would be to be educated in that faith only. Defendant admitted that attendance in schools teaching different faiths would be detrimental to the child and prayed that plaintiff's petition be denied.

On September 18, 1961, defendant filed a petition for a rule to show cause because plaintiff failed to comply with the order of June 30, 1961, in that she had enrolled the child in St. Luke's Lutheran Church Day School in lieu of a public school and was keeping the child from attending Hebrew School. Plaintiff's petition of September 6th was allowed to stand as an answer to this petition.

Plaintiff's petition of November 10th repeated most of the allegations contained in the September 6th petition and further alleged that the order of June 30, 1961, was not entered in her presence, even though she was in court on that date; that defendant and his present wife had, on numerous occasions since the granting of the divorce decree, beat and struck plaintiff and used vile language in front of the child; that defendant and his present wife have entered upon a course of planned conduct of harassment and vituperation with the design of forcing plaintiff to relinquish custody of the child; and that defendant was not a fit person to have either custody or visitation rights. The petition prayed that all prior orders be vacated and the plaintiff be given sole and exclusive custody of the child.

Defendant moved to strike the petition as res judicata, or in the alternative, to strike as being insufficient to state a cause of action.

Both parties and the child appeared in court on November 27, 1961. Plaintiff was the only person to testify although the Chancellor spoke to the child out of the presence of the parents, but with their consent.

In addition, the Chancellor heard arguments by the respective attorneys.

On examination by the court, plaintiff admitted she was converted to Judaism when she married defendant, that their son was born into the Jewish faith, but that after the divorce she changed her own religion to "something else." The court questioned plaintiff concerning the visitation rights and plaintiff told the Chancellor she was not working at present and the Chancellor stated he would not alter the father's visitation rights unless there was a change in circumstances. Objections to many of the questions propounded by her own counsel, concerning the December 13th and June 30th orders, were sustained.

The court's order, in addition to denying the petition of September 6th, and striking the petition of November 10th, also entered a rule to show cause upon plaintiff, returnable within seven days, conditioned upon her enrolling Scott in the Chicago Public School System in the school nearest her home and that Scott be enrolled in the B'nai Zion Hebrew School to attend pursuant to their rules. On January 15, 1962, an order was entered stating that on the agreement of the attorneys for the parties, plaintiff had complied with the conditions above mentioned.

Defendant contends that the agreed order of January 15th has settled the issue of the son's religious training and education. It is his contention that this matter is now moot. We do not agree. This is not a situation where the parties themselves have settled their differences. Plaintiff changed the child's school under order of court. Had she failed to so do she would have been guilty of contempt. As was stated in Holmes v. Kammerman, 10 Ill App2d 450, 458, 135 NE2d 162:

> If a court has jurisdiction to enter an order, as it did in the instant case, that order must be

380

obeyed even if erroneously entered until it is reversed or set aside in a direct proceeding for that purpose.

If plaintiff had failed to obey the order and had been cited for contempt she could not have the contempt citation reversed on the ground the order was erroneously entered. The Supreme Court stated, in Cummings-Landau Laundry Machine Co. v. Koplin, 386 Ill 368, 385, 54 NE2d 462:

> The principle is of universal force that the order or judgment of a court having jurisdiction is to be obeyed, no matter how clearly it may be erroneous. This is the rule whether the contempt be technically defined as criminal or civil.

Plaintiff objects to that portion of the rule to show cause that requires her to enroll Scott in the Public School System on the grounds that there are no prior orders which require her to so enroll the child. Her objections to that portion requiring her to enroll the child in the Jewish school is based on her argument that the December 13th and June 30th orders should be set aside.

Section 19 of the Divorce Act (Ill Rev Stats, 1961, c 40) provides that, "[t]he court may, on application, from time to time, make such alterations in . . . the care, custody and support of the children, as shall appear reasonable and proper." The divorce decree, which included the agreement of the parties concerning custody of the child, was silent as to the child's religious training. Plaintiff admitted below that she converted to the Jewish faith when she married defendant and that the child was born into the Jewish faith. She admitted in her testimony and in her petition that she did not rejoin the Protestant faith until June of 1960. The Chancellor's orders concerning the

381

■■■

child's religious training were not entered until after plaintiff adopted a new religion.

■ Under our divorce statute, the court is clothed with a large discretion in considering and determining the best interests of the child. Nye v. Nye, 411 Ill 408, 105 NE2d 300. Although the order of June 30th shows that evidence was taken, the transcript of the proceedings is not in the instant record and no attempt was made to explain its absence. We can only presume that the evidence supported the order. When the record does not contain the evidence upon which the order was entered, every presumption is in its favor. Martinec v. Sharapata, 328 Ill App 339, 66 NE2d 103. Further, plaintiff testified she was in court for about three days during the time the June 30th order was being considered and she admitted that she personally spoke with Judge Hershenson about the matter. We can only conclude that the Chancellor, who gave considerably of his time to the controversy, had sufficient evidence to support his findings and the order entered.

■ ■ Custody provisions can be modified, but the party seeking to modify the provisions has the burden of proving altered conditions. 16 ILP, Divorce, sec 217. Plaintiff contends that under the authority of Hohenadel v. Steele, 237 Ill 229, 86 NE 717, she should have been allowed to answer the questions concerning the entry of the prior orders, objections to which were sustained. We do not see that Hohenadel supports plaintiff's position. There the court had under consideration a bill of review filed to change the custody provisions regarding the child on the grounds there had been a material change in conditions. The court said:

> Although Steele could not impeach the decree entered under his agreement or set it aside, we are of the opinion that he might present to the court, by his petition, the fact that material

changes had taken place in the condition of the parties affecting the welfare of the child. 237 Ill at p 235.

None of plaintiff's testimony below was directed at showing a change in circumstances, but rather was an attempt to impeach the two prior orders or to relitigate the issues settled by those orders. It was not error to sustain the objections to the questions and under these circumstances, the prior orders should not be set aside. Taylor v. Taylor, 32 Ill App2d 45, 176 NE2d 640.

■ With regard to that portion of the order directing that the child be enrolled in the Public School System, we agree with plaintiff that no prior order specifically directed that the child's general education be in the Public School System. However, defendant's petition, which sought compliance with the prior orders concerning the child's religious training, requested that this order include the provision concerning the Public School. Plaintiff's counsel suggested that the child be allowed to attend both the Lutheran and Jewish schools. The Chancellor rejected this suggestion on the grounds it would not be in the best interests of the child to attend both schools. (We also note that plaintiff's petition stated that the Lutheran school would not accept the child while he was enrolled in the Jewish school.) Plaintiff had previously sought to evade outstanding court orders concerning the child's religious training by enrolling the child in a school teaching another religion. Under these circumstances, we cannot say the order directing the child be enrolled in the Public School System was erroneous.

■ Finally, plaintiff's petition of November 10th, which repeated the allegations of the September 6th petition, also contained new allegations concerning defendant's unfitness to have either custody or visitation rights. The petition was struck without any evi-

dence being taken on these charges. We agree with plaintiff that this was error.

The order of the Chancellor is affirmed in all particulars except the striking of the allegations concerning defendant's unfitness and this issue only is remanded with directions to hear evidence.

Affirmed in part and reversed in part.

MURPHY and ENGLISH, JJ., concur.