**Kenneth Grant Davison, Jr., Plaintiff-Appellee, v. Loretta Mae Davison, Defendant-Appellant.**

Gen. No. 11,028.

Fourth District.

July 15, 1969.

Daniel W. Handlin, of Lincoln, for appellant.

Gary Hinman, of Lincoln (R. Marlin Baker, of counsel), for appellee.

TRAPP, P. J.

A decree of divorce was awarded to plaintiff upon the grounds of defendant's adultery. Defendant appeals from that part of the decree which awarded custody of a minor daughter to plaintiff.

The parties were married in October, 1965, and plaintiff was taken into the military service on December 6th of that year. The child was born November 12, 1966. The defendant and the child lived with her parents while the plaintiff was assigned overseas. In May or June, 1967, plaintiff returned from Germany upon emergency leave for thirty days. On June 13, 1967, he filed suit for divorce and sought custody of the child. The defendant concedes that in August, 1967, she moved to another city to live with another man, taking the child with her and continued to so live until February, 1968. Plaintiff returned from Germany and was discharged from military service in November, 1967. The cause was heard upon an amended complaint filed January 11, 1968.

Defendant argues that there is no evidence that she was unfit to have the care and custody of the child, and that the actual basis of the award was the evidence concerning the grounds for divorce. It is further argued that plaintiff refused to support the child and that such amounts to an abandonment.

Upon the latter point, there is no evidence of a refusal in a literal sense. An Army allotment was provided until plaintiff's discharge near the end of November, 1967. Upon his return he saw the child with the defendant upon one occasion at the place where she resided with her paramour. There is no evidence that

any request was made for the child support, or that such was refused. At most, the evidence is that plaintiff did not volunteer to pay money to defendant while she and the child continued to live under these circumstances.

The trial court prepared and filed a memorandum opinion. It noted the testimony of defendant that she thought there was nothing really wrong in taking the child with her and her paramour. The record supports the trial court's stated conclusion that between July, 1967, and early January, 1968, defendant placed the child with others for periods aggregating two months during which period she saw the child infrequently. In oral colloquy the court estimated that defendant left the child with others from sixty-five to eighty percent of the time. There is conflicting testimony concerning the neglect of the child to the point of affecting her physical well-being during the period in evidence. The defendant testified that during the time the child was with her she took the child frequently to drive-in movies, stock car races and bowling alleys, and upon which occasions the infant was not returned to her bed until midnight.

The trial court's memorandum states his conclusion that defendant's character and the moral climate in which she kept the child, her apparent lack of concern for the infant's welfare and defendant's unwillingness to forego self indulgence for the child's best interest called for the taking of custody from the defendant. The court found no evidence that plaintiff was unfit to have custody of the child, and the record suggests that he caused inquiry to be made by the Department of Family Services as to plaintiff's arrangements for the care of the child. Defendant cites certain language in Nye v. Nye, 411 Ill 408, 105 NE2d 300, and Wachowski v. Wachowski, 86 Ill App2d 145; 229 NE2d 149. Nye concerned proceedings for a change of custody after a decree which had provided for the custody in the mother upon an agree-

ment of the parties. So far as the opinion shows, the wife's misconduct at issue was subsequent to the divorce, and the court emphasizes that her misconduct was not actually proven. It was noted that she had since married and was respected in the community. There seems to have been no evidence or issue as to neglect of the child as was found in this record. In Wachowski, custody was awarded to the father where the trial court found that the wife frequently left the children over night, had a strong penchant for "pub crawling," and indulged in the excessive use of alcoholic liquor. The trial court found that the best interest of the child was served by placing it in the custody of the father who was able to provide adequate care. The trial court's determination was affirmed.

■ ■ In the evaluation of the evidence as to the best interest of the child, great weight must be given to the trial court's opportunity to hear and observe the respective parties and their witnesses. The trial court's conclusion that the defendant showed little concern for the moral climate in which the child was raised, and that the child's well-being would be subordinate to the defendant's personal pleasure and activities, is not contrary to the manifest weight of the evidence.

■ ■ In determining the award of custody, the paramount issue to be determined is the welfare of the child. The trial court is in a position to exercise a large discretion and a reviewing court is reluctant to interfere with the exercise of such choice. Carbrey v. Carbrey, 108 Ill App2d 363, 247 NE2d 818 (1969); Eggemeyer v. Eggemeyer, 86 Ill App2d 224, 229 NE2d 144 (1967).

The judgment is affirmed.

CRAVEN and SMITH, JJ., concur.