Shirley Hirth, Plaintiff-Appellant, v. Kenneth Hirth, Defendant-Appellee.

Gen. No. 64–115.

Second District.

May 11, 1965.

Downey, Layng, Anderson & Martenson, of Rockford (David L. Martenson, of counsel), for appellant.

No appearance or briefs filed for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is a post-divorce decree proceeding wherein defendant, Kenneth Hirth, filed petition to modify decree for divorce by changing custody of the minor children from the plaintiff, Shirley Hirth (now Shirley Hirth Murphy), to him.

Order was entered on said petition, after hearing, on August 10, 1964. By said order, the court vacated all prior custody orders and awarded the custody of the children to defendant for the 1964–65 school year, permitted him to take said children to Las Vegas, Nevada, but required him to return them to Illinois within two weeks after the end of said school year. This order made no provision for the custody of the children after their return to Illinois. Plaintiff appealed therefrom.

The petition filed by defendant shows that decree for divorce was entered on June 28, 1962. Therein, the care and custody of Kathryn Hirth, then age 7, and

Douglas Hirth, then age 4, was awarded to plaintiff, subject to visitation rights in the defendant, and plaintiff was awarded support and alimony payments in the sum of $31 per week.

The record reveals that plaintiff has been remarried twice since, and defendant has been remarried once. Plaintiff appears to be presently happily married and defendant's new marital venture is progressing toward stability.

Plaintiff's second marriage terminated in divorce at her then husband's fault. During said marriage, she moved from place to place with her then husband and the children. After this divorce, she was working and unable to care for the children and she then called the defendant concerning her situation. As a result, the court entered an order, on September 17, 1963, pursuant to stipulation of the parties, which provided that the defendant should have the custody of the minor children for the 1963–64 school year and should return them to plaintiff upon the completion of said school year. The defendant complied with this order and upon returning the children to plaintiff, filed the petition in question for change of custody.

The trial court, during the hearing on this petition, found that both of the parties were proper persons to have the custody of the children. We agree. Kathy, age 9, at the hearing, expressed a preference to live with her mother, the plaintiff; Douglas, age 6, was not called upon to offer an expression of choice.

At the conclusion of the hearing, the trial court directed plaintiff's counsel to proceed in that he had requested a formal hearing on the petition filed by defendant. While custody provisions can be modified, the party seeking to modify such provisions, has the burden of proving altered conditions. Stern v. Stern, 40 Ill App2d 374, 383 (1st Dist 1963). Every presumption is indulged in favor of a divorce decree.

If its provisions are to be changed, the burden of proof is on the party so moving to show why it should be done. Szczawinski v. Szczawinski, 37 Ill App2d 350, 353, 354, 185 NE2d 375 (1st Dist 1962).

In People v. Schaedel, 340 Ill 560, 173 NE 172 (1930), at pages 564 and 565, the court stated:

"After a divorce decree in this State the custody of the children is always subject to the order of the court which enters the decree and may be changed from time to time as the best interests of the children demand. The decree rendered was res judicata as to the facts which existed at the time it was entered but it was not res judicata as to facts and circumstances arising thereafter. . . ."

██ ██ In the case at bar, the trial court erred in placing upon the plaintiff the burden of sustaining the provisions of the divorce decree which awarded her the care and custody of the children. The order of September 17, 1963, giving the defendant custody of the children, pursuant to stipulation, for the 1963–64 school year, left the care and custody of said children in the plaintiff, subject to this deviation from the provisions of the decree for divorce. In the petition for change of custody, the defendant was seeking to modify the custody provisions of the divorce decree, and the burden was on him to show why such change should be made. This, he was not required to do by the trial court, and from the record, we conclude that he failed to sustain such burden.

 The award of custody in the decree for divorce was predicated upon the plaintiff being a fit and proper person to have the custody of the children. In a hearing for modification, the court could not change the award provisions of the decree unless conditions had arisen to make it necessary for the wel-

fare of the children that the custody be changed. In all matters concerning the custody of the child, the paramount issue is the welfare of the child. The fact of changed conditions is not sufficient to warrant modification of the custody provisions of the decree for divorce, unless such changed conditions affect the welfare of the child. Arden v. Arden, 25 Ill App2d 181, 166 NE2d 111 (3rd Dist 1960).

■ In this case, the change in conditions, relating to plaintiff's ability to care for the children since the entry of the decree, was beneficial to the welfare of the children. Kathy, the daughter, preferred to live with her mother. Such preference, as well as the age of the children, sustained the award of custody under the decree to the mother. Nye v. Nye, 411 Ill 408, 414, 105 NE2d 300 (1952); Buehler v. Buehler, 373 Ill 626, 629, 630, 27 NE2d 466 (1940); Szczawinski v. Szczawinski, 37 Ill App2d 350, 353, 185 NE2d 375 (1st Dist 1962).

■ The fact that the defendant's new marital relationship was approaching stability did not constitute sufficient cause to change the custody of the children. It failed to establish either that the plaintiff was less fit to have custody of the children, or that their welfare required such change. We find the decision of the trial court against the manifest weight of the evidence.

The welfare of the child is a guiding star in all courts in all custody matters. The children have now completed the greater part of the 1964–65 school year in the Las Vegas schools. It would not enhance their welfare to interrupt that school year. Therefore, they should complete the 1964–65 school year with the defendant. Within two weeks after the end of said school year, the defendant should deliver said children to the plaintiff in Illinois, who will then retain the custody of said children pursuant to the provisions of

the decree for divorce, and subject to such further orders of court as equity may require.

For the reasons stated, the order of the Circuit Court dated August 10, 1964, is reversed, and the cause is remanded to the Circuit Court with directions for further proceedings in accordance with this opinion.

Reversed and remanded with directions.

ABRAHAMSON, P. J. and MORAN, J., concur.