**Russell Gene Walter, Plaintiff-Appellee, v. Patricia Diane Walter, Defendant-Appellant.**

### Gen. No. 64–126.

Second District.

August 13, 1965.

Eugene T. Daly and Thomas P. Stepanich, of Waukegan, for appellant.

Inglis & Will, of Zion, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This is an appeal from an order denying defendant's petition for a change of custody of the two minor children of the parties. The plaintiff was granted a divorce from the defendant, on grounds of adultery, by a decree entered June 12, 1964. The decree provided that the plaintiff was to have custody of the two children, who were one and three years old. It was further provided that the plaintiff should have the right to take the children out of the State of Illinois, and that the defendant should have reasonable rights of visitation.

On July 2, 1964, twenty days after entry of the decree, the defendant filed a petition to modify the provisions as to custody of the children. The petition alleged that the plaintiff had taken the children to Iowa and placed them in the custody of his parents, one of whom was a person of intemperate habits.

A hearing was held on this petition, and the only witnesses were the plaintiff and the defendant. The defendant testified that the plaintiff's father had formerly been an alcoholic, but admitted that she did not know whether he drinks at the present time. The defendant stated that she wanted custody of the children, that she was working, and that, while she did not have a suitable place to keep them at that time, she intended to rent an apartment that would be suitable.

The plaintiff testified that he was working in Iowa and that he intended to reside with his children at the

home of his parents. He stated that he had no intention of relinquishing custody of the children to his parents. No testimony was offered by the plaintiff as to the personal habits of his father.

At the conclusion of this hearing, the court indicated that it wanted "an investigation at both ends of the line," by which we presume he meant Illinois and Iowa. There was no formal order entered concerning this proposed investigation, and the colloquy between the court and counsel concerning the matter is very brief. It consists simply of the statement by the court that it desired an investigation, and inquiries by counsel as to when it would be conducted. The record does not show who was to make the investigation or how it was to be conducted. No objection was made by anyone to the proposed investigation, and, in fact, defendant's counsel clearly indicated their agreement to the course suggested by the court.

An investigation was conducted, and apparently the court did receive a written report from the Probation Office. On August 28, 1964, the court entered an order which recited that ". . . the court being fully advised in the premises and the probationary reports having been submitted . . . ," the petition for modification of the decree was denied. We presume that there must have been some further discussion between court and counsel prior to the entry of this order, but it is not in the record before us. We have not the slightest idea what was contained in the "probationary reports," because they are not in the record before us nor is there any reference to them, except in the order we have just quoted. Counsel for defendant state in their brief that the "probation reports were shown to counsel for the parties after the trial Judge had announced his ruling and only for a moment. Counsel were ordered to maintain the confidence of the reports." Counsel for plaintiff, in their brief, state that the

court submitted the probation reports to counsel and discussed his opinion with counsel. None of this is in the record.

■ Defendant appeals from the order denying the petition to modify the decree, asserting that it was error for the court to base its order upon the confidential reports from the Probation Office.

We agree with the defendant. The law on this question is settled and clear. The authorities are reviewed in Williams v. Williams, 8 Ill App2d 1, 130 NE2d 291 (1st Dist 1955), a case involving facts similar to those before us here. The principal vice of this practice is that there is no possible way the action of the trial judge can be reviewed if it is based upon confidential reports which are not part of the record. While there cannot be the slightest doubt that the trial judge in this case proceeded from the best of motives, and that his sole concern was the welfare of the children, still, we cannot permit a procedure which makes it impossible to review the propriety of his decision. There are, of course, additional objections to the procedure followed here. The report is entirely hearsay, and the person who made the report, let alone the persons whom the reporter might have interviewed, were not under oath or subject to cross-examination. For all we know, the entire report may consist of material which would under no circumstances be admissible in evidence. What was said by this Court in the case of In re Dependency of Rosmis, 26 Ill App2d 226, 231, 167 NE2d 826 (2d Dist 1960) is applicable here:

> "We would point out that while it has long been the custom in proceedings of this kind for the court to avail itself of confidential reports from probation officers and public welfare officers and not to make these reports a part of the record nor permit cross-examination of the authors of such reports, the decisions make it clear that such

479

constitutes reversible error. A thorough discussion of the applicable authorities will be found in the opinion rendered in Williams v. Williams, 8 Ill App2d 1, 130 NE2d 291. In that opinion the court points out that the declared policy of the law in this state is that, exclusive of certain matters of which the court may properly take judicial notice, the deliberations of the trial judge must be limited to the record made before him in open court. In addition, the probation officer or other person rendering a report to the court should be subjected to cross-examination. It is manifest that the trial judge in this case was motivated only by a desire to see to the proper care of these children, but in our view under the authorities the cause must be remanded for further proceedings consistent with this opinion."

■■ It is, of course, true that a party may not ordinarily assign as error an action of the trial court to which he failed to object. There is no doubt that counsel for the defendant not only failed to object to the procedure followed by the court, but actually consented to it, and, if the real party in interest were the defendant, the point would surely be deemed to have been waived. However, in cases of this kind, the real interest involved is that of the minor children. As was stated in Scott v. Cohn, 134 Ill App 195, 202 (1st Dist 1907), where the parties had agreed that the trial court could conduct his own investigation on the question of transfer of custody of a minor child:

"No agreement between counsel, such as is claimed to have been made, can bind the minor, whose interest is the main question to be considered."

In affirming the decision of the Appellate Court in that case, the Supreme Court stated:

480

"While a very large discretion must be permitted the chancellor hearing these cases, yet it must be a judicial discretion and subject to review on the evidence heard in open court. The agreement of counsel cannot bind as to the interests of the minor, which is the paramount question in this proceeding. If the chancellor could decide partly on investigation made out of court, then the whole decision might rest upon such an investigation and could not be reviewed. Such is not the law." Cohn v. Scott, 231 Ill 556, 559, 83 NE 191 (1907).

The defendant asks that we reverse the case with directions to grant her petition. On the record before us, such an action would not be appropriate. We are not able to determine from what we know of the case which of the parties is the more suitable person to have custody of the children; let alone are we able to make such a determination as a matter of law. Accordingly, the order of the trial court will be reversed and the case will be remanded for the purpose of taking further testimony in open court and for the entry of a new order based thereon.

Reversed and remanded.

ABRAHAMSON, P. J. and DAVIS, J., concur.