**Jean Eggemeyer, Plaintiff-Appellee, v. Donald Eggemeyer, Defendant-Appellant.**

**Gen. No. 67–31.**

Second District.

August 22, 1967.

225

Palmer, Nielsen & Sumberg, of Rockford, for appellant.

Russell J. Goldman and Roald A. Jacobsen, of Rockford, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal from an order entered January 12, 1967, on plaintiff's petition for the modification of a decree for divorce entered on December 11, 1964, which decree granted the custody of Tammy Renee Eggemeyer to plaintiff and that of Donna Jean and Joni Lynn Eggemeyer to defendant, subject to reasonable rights of visitation in plaintiff and defendant. As of the date of the decree, Donna Jean was 11 years of age; Joni Lynn, 8; and Tammy Renee, 4.

In August of 1966, the plaintiff filed a petition to modify the decree wherein she sought the care, custody and control of Donna Jean and Joni Lynn, and child support for all of said minor children. The defendant filed an answer to this petition which asserted that he had remarried and that he and his present wife were better able to furnish a suitable home for said minor children than was the plaintiff.

By order entered on said petition on September 30, 1966, the court found the defendant in arrears in payment of child support for Tammy in the sum of $665 and directed him to pay the sum of $20 per week for Tammy's support—as provided in the divorce decree—and to pay an additional sum of $10 per week on the delinquent child support. However, the court, after hearing the evidence, found no change in circumstances since the entry of the decree upon which to predicate a change in the custody of the children awarded to the defendant by the decree; and denied plaintiff's petition for the modification thereof.

On December 30, 1966, the plaintiff filed a further petition seeking the custody of Donna Jean and Joni Lynn wherein she alleged the defaults of the defendant in paying child support as ordered in the divorce decree; his refusal to comply with the decree visitation provisions; and her fitness as a custodial parent. She further alleged that the defendant was not capable of managing, supervising and caring for said children and that it was for their best interest that plaintiff be awarded their custody. The defendant filed an answer denying the allegations of the petition; asserting further that no change of conditions had been alleged to justify the modification of the decree for divorce; and stating that he had remarried and that he and his present wife were better able to furnish a suitable home for said children than was the plaintiff.

In the interim, between the date of the divorce decree and the filing of the petition on December 30, various petitions had been filed and heard for rule to show cause on the defendant with reference to his failure to pay child support for Tammy and to honor plaintiff's visitation rights as provided for in the divorce decree. It was under this background that the December 30 petition came on for hearing. The complaint for divorce, the first petition for change of custody and the December 30 petition, were heard by different trial judges. No appeal was taken from the decree for divorce or from the order of September 30 which denied plaintiff's petition for change of custody.

The hearing on the December 30 petition was complete and covered the factual circumstances which had occurred from the entry of the decree for divorce to the date of the hearing. The evidence fairly indicated that neither of the parties had made a serious effort to comply with the spirit and letter of the decree relative to the divided custody of the children. The bitterness and conduct of the parties undoubtedly caused the children

to experience a maximum of friction and anxiety and a minimum of serenity and freedom from family strife and discord.

The plaintiff lived in an apartment with her mother and Tammy, worked, and hoped to get a better paying job and a three-bedroom apartment in a Government Housing Project in event she was given the custody of Donna Jean and Joni Lynn. The record indicated that she was a proper person to have the custody of the children; that she properly cared for Tammy and loved all of the children; and that she sent them to Church.

The reasons underlying the provisions of the divorce decree which awarded the custody of two of the children to the defendant and one to the plaintiff, were not before this court. It was undisputed that the defendant was delinquent in his child support payments for Tammy in the sum of $535 at the time of the last hearing. The defendant and his present wife testified that they desired to keep the custody of Donna Jean and Joni Lynn; that the two children were in good health, doing reasonably well in school, and had no disciplinary problems; and that the children got along well with their stepmother, who was then pregnant. The record also indicated that the defendant loved the children; that he and his present wife and the two children lived in a two-bedroom frame house; and that the children attended Church. The record likewise indicated that the defendant was a proper person to have the custody of the children.

On January 12, 1967, the court entered an order awarding the care, custody, control and education of all three of the children to the plaintiff, subject to Donna Jean and Joni Lynn staying with the defendant until the conclusion of the semester of school then in session. The order gave the defendant reasonable visitation rights—not here in dispute—and directed him to pay to the plaintiff, as child support, the sum of $15 per week for Donna Jean; $10 per week for Joni Lynn and $10 per

■■■■■■■■■■■■

week for Tammy, commencing as of the date of the order. On appeal, the defendant prays that this order may be reversed, and the plaintiff's petition for child custody, denied.

Upon the record before us, we must assume that both the plaintiff and the defendant were fit and competent persons to have the custody of the children. The issues before us are: whether there were changes in the conditions and circumstances of the parties which justified the modification of the decree; and whether the trial court abused its discretion in taking Donna Jean and Joni Lynn from the defendant and in awarding their custody to the plaintiff.

■■■■ After the divorce decree in the case at bar, the question of the custody of the children remained subject to the order of the court and could be reviewed and modified from time to time as the unfolding circumstances and the best interest of the children may require. Jenkins v. Jenkins, 81 Ill App2d 67, 73, 225 NE2d 698 (1967). The decree was res judicata as to the facts which existed at the time it was entered, but not as to facts arising thereafter. Nye v. Nye, 411 Ill 408, 416, 105 NE2d 300 (1952). In a postdecree hearing to modify the child custody provisions of the decree, the party seeking the modification has the burden of proving altered conditions. Hirth v. Hirth, 59 Ill App2d 240, 242, 207 NE2d 114 (1965); Stern v. Stern, 40 Ill App2d 374, 383, 188 NE2d 97 (1963). Every presumption is indulged in the validity of the decree and if its provisions are to be changed, the burden of proof is on the moving party to show why the change should be made. Hirth v. Hirth, supra, 243; Szczawinski v. Szczawinski, 37 Ill App2d 350, 353, 354, 185 NE2d 375 (1962).

■■ New and changed conditions must arise to warrant the court in changing its prior custody determination. Nye v. Nye, supra, 416. In the case at bar the plaintiff pleaded the failure of the defendant to pay

child support payments as ordered by the decree and subsequent orders, as well as his default in making Donna Jean and Joni Lynn available for plaintiff's visitation as directed in the decree, and she offered proof of such defalcations by the defendant. She pled her fitness as a custodial parent and the inability of the defendant to manage, supervise and care for the children, but she offered no satisfactory proof of the unfitness of the defendant. The defendant neither pleaded nor proved any change in circumstances and conditions upon which the trial court could properly predicate its order changing the custody of Donna Jean and Joni Lynn.

In all matters concerning the custody of children, the paramount issue is their welfare. The fact of changed conditions, in itself, is not sufficient to warrant modification of the custody provisions of the decree, unless such changed conditions affect the welfare of the child or children. Hirth v. Hirth, supra, 244; Arden v. Arden, 25 Ill App2d 181, 186, 166 NE2d 111 (1960).

The new marriage status of the defendant did not constitute sufficient cause to change the custody of the children in question. Upon the record, we find the decision of the trial court against the manifest weight of the evidence.

It is true that the trial court is clothed with a large discretion in child custody matters and a reviewing court is reluctant to interfere with the trial court in its exercise of such latitude of choice. However, in postdecree proceedings for the modification of child custody provisions of the divorce decree, the discretion of the trial court is a judicial discretion limited to the pleadings and proof pertaining to a change in circumstances which affect the welfare of the child, sufficient to warrant the modification of the decree. Szczawinski v. Szczawinski, supra, 353.

Undoubtedly, the contumacy of the defendant in his failure to conscientiously respect plaintiff's visita-

tion rights and his obdurate refusal to make child support payments, as provided in the decree, as well as the litigiousness of the parties, all contributed in causing the trial court to modify the custody provisions of the decree. However, these circumstances alone do not constitute a change in conditions sufficient to warrant a change in the custody of the children. Jenkins v. Jenkins, supra; Thomas v. Thomas, 233 Ill App 488, 492, 493 (1924).

We do not condone the conduct of the defendant in the respects mentioned and hope and trust that both the plaintiff and the defendant will henceforth let the welfare of the children be the lodestar of their conduct.

■■ ■■ If such procedure is not followed, neither party is without a remedy. The trial court has the power to enforce the payment of support money by contempt in cases of wilful and contumacious refusal to obey its orders (Wick v. Wick, 19 Ill2d 457, 461, 167 NE2d 207 (1960)), and it has broad discretion with reference to the modification of visitation privileges of either the plaintiff or defendant with reference to the child or children in the custody of the other. Ruberts v. Ruberts, 4 Ill App2d 134, 123 NE2d 737 (1955). Further, each postdecree hearing for the modification of child custody must stand on its own facts, as alleged in the petition and proven by competent evidence, with reference to new and changed conditions which would, with reference to the welfare of the child or children, warrant such change.

■■ Section 18 of the Divorce Act (Ill Rev Stats 1965, c 40, par 19) provides that "The court may, on application, from time to time, make such alterations in . . . the care, custody and support of the children, as shall appear reasonable and proper." The court's jurisdiction in this respect is exclusive and continuing until the child or children attain their majority, and the decree or order fixing the custody of the child or children is

final only as to the conditions then existing. Richton v. Richton, 45 Ill App2d 128, 138, 195 NE2d 265 (1963).

For the reasons stated, the order appealed from is reversed and the plaintiff's petition for change of custody is denied.

Order reversed and petition for change of custody denied.

MORAN and ABRAHAMSON, JJ., concur.