ANTONIA VANDERLAAN, Plaintiff-Appellant, *v*. ROGER VANDERLAAN, Defendant-Appellee.

(No. 53786;

First District—December 8, 1972.

Gombert, Missner & Schaps, of Chicago, for appellant.

Paul M. Lurie, of Chicago, (Fohrman, Lurie, Holstein, Sklar & Cottle, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court after remandment by the Supreme Court of the United States:

Plaintiff appealed from a judgment denying her petition to modify a decree which had awarded custody of her two youngest children to defendant.

On June 24, 1970, we rendered an opinion (126 Ill.App.2d 410), reversing the judgment of the trial court on the ground that defendant, the unmarried father of two children, had no right to the society of his children born out of wedlock. The basis of our decision was Section 62 of the Paternity Act (Ill. Rev. Stat. 1967, ch. 106—¾, par. 62), which provides:

"A person charged or alleged to be the father of a child born out of wedlock, whether or not adjudicated the father under this Act, shall have no right to the custody or control of the child except such custody as may be granted pursuant to an adoption proceeding initiated by him for that purpose."

■■ On April 17, 1972, the Supreme Court of the United States vacated our judgment and remanded the cause to this court for further consideration in light of *Stanley v. Illinois*, 405 U.S. 645. *Stanley* held that the Illinois statutory presumption in a dependency proceeding (see Ill. Rev. Stat. 1967, ch. 37, pars. 702—1 and 702—5), that an unmarried father was not fit to have custody of his children violated the due process and equal protection clauses of the United States Constitution. By its ruling the Supreme Court indicates that in a *custody* proceeding a father is not barred from obtaining custody of his children born out of wedlock. See also *People ex rel. Slawek v. Covenant Children's Home*, 52 Ill.2d 20, 284 N.E.2d 291.

In the instant case, the father no longer is to be considered ineligible for custody, there then remains the question as to whether the court's order denying plaintiff's petition for a change of custody of the two minor children was against the manifest weight of the evidence.

The parties were married on October 13, 1954, and on September 9, 1959, plaintiff was granted a divorce. One child, Debra, was born prior to the divorce and custody was awarded to plaintiff. Defendant was ordered to pay $30 per week for Debra's support. On December 21, 1962, the original divorce decree was amended by a finding that plaintiff and defendant had resumed "marital relations"[1] after the divorce decree of September 9, 1959; that another child, Jeffery, was born February 26, 1961, 15 months after the entry of the original divorce decree; that plaintiff was pregnant with child by defendant; and that defendant admitted the paternity of Jeffery and the child in *esse*. The court found that defendant was their father and ordered him to pay plaintiff $35 per week for their support. Plaintiff and defendant separated some time in 1962.

Another amended order was subsequently entered on February 27,

---

[1] The parties did not remarry.

1963, indicating that the third child, Randy, was born January 2, 1963, and that defendant was his father.

During 1963 and 1964 defendant was in arrears in his support payments and on October 1, 1965, there was an order settling defendant's child support arrearage at $350 and giving defendant visitation rights with the children.

On July 25, 1966, plaintiff wrote defendant a letter stating in relevant part:

> "During the weeks that the children have been with you, [the defendant] I have spent a lot of time thinking of them—their welfare, happiness and future. While they have been with you, they seem happy and, as a matter of fact, do not seem to be homesick at all, nor are they anxious to come back.
>
> \* \* \*
>
> With you, they have a family life, a mother, (though a stepmother) father, sisters and brothers, and other children to play with in a small town, away from the dangers of a large city. They can even have pets. Here they have little. I cannot turn the boys free on the streets of Chicago. Therefore, they do not go out as much as they should.
>
> \* \* \*
>
> I don't get home from work until about six o'clock and shortly after we have our dinner, the children have to go to bed, so they really don't even have me very much. This is no life for them. They really have no one all day, because the best of babysitters is still just a babysitter and not a mother. Living with me, they don't have a father either, except for a few weeks.
>
> It is going to be terrible for me to be without them, but I have made up my mind that they will be better off all the way around with you, so I have decided to give them up to you."

Plaintiff subsequently repeated these sentiments to defendant during a phone conversation.

On August 30, 1966, the court ordered that the custody of Debra, Jeffery and Randy Vanderlaan be awarded to defendant until further order of court; that defendant's support payments be abated; and that plaintiff be given the children for six weeks in the summer and other reasonable visitation rights.

Subsequently, on July 28, 1967, plaintiff filed a petition seeking a modification of the August 30, 1966, order. Plaintiff prayed that the custody of the three children be again awarded to her.

On September 21, 1967, the court was informed by the oldest child,

Debra, that she desired to return to live with her mother (plaintiff). The parties agreed and pending a hearing on plaintiff's petition of July 28, the court awarded custody of Debra to plaintiff; Jeffery and Randy to continue in the custody of defendant and each party to have reasonable visitation rights.

On October 15, 1968, the court held a hearing on plaintiff's petition to modify the August 30, 1966, order. It was brought out that plaintiff had recently remarried and was able to support two minor children if awarded custody of them. The court found that plaintiff voluntarily sent defendant the letter dated July 25, 1966 (noted above); that after having sent the letter, plaintiff voluntarily gave custody of the children to defendant;[2] that plaintiff had full knowledge of her acts even though she did not have the advice of counsel; that plaintiff voluntarily agreed to the August 30, 1966, order; that defendant had been in substantial compliance with the support orders; that plaintiff and defendant both agreed the other was a fit and proper person to have custody of the minor children; that after August 30, 1966, plaintiff and defendant agreed to allow Debra to return to live with plaintiff; that there had been no change in circumstances affecting the children; and that it was in the best interests of Jeffery and Randy to remain with defendant. Therefore, the court denied plaintiff's petition to modify the August 30, 1966, order except that Debra was to remain with plaintiff, and Jeffery and Randy with defendant. Each party was granted mutual visitation rights. It is from this order that plaintiff appeals.

*Opinion*

■■ As was stated in *Vysoky v. Vysoky*, 85 Ill.App.2d 306, 309, 310, 230 N.E.2d 3:

"To justify a modification of the decree and a change of custody, the evidence must establish that the parent to whom the children were originally awarded is unfit to retain custody or that a change of conditions makes a change of custody in their best interest. Stickler v. Stickler, 38 Ill.App.2d 191, 186 N.E.2d 542 (1962). The party seeking to alter the custody provisions has the burden of proving that the children's best interest requires such a change (Hirth v. Hirth, 59 Ill.App.2d 240, 207 N.E.2d 114 (1965)) for the paramount concern must always be the welfare of the children. Dunning v. Dunning, 14 Ill.App.2d 242, 144 N.E.2d 535 (1957)."

---

[2] At the hearing plaintiff testified she told defendant in 1966 that her request that he take custody of the children was only temporary.

■■■ The trial court is clothed with large discretion in child custody matters and a reviewing court is reluctant to interfere with its decision. *Nye v. Nye*, 411 Ill. 408, 414, 105 N.E.2d 300; *Eggemeyer v. Eggemeyer*, 86 Ill.App.2d 224, 231, 229 N.E.2d 144.

The daughter of the parties, Debra, who has been living with her mother, has reached her majority, so we are now concerned only with the custody of the two minor sons.

■■ In arguing that the court erred in allowing the defendant to maintain custody of the two minor children, plaintiff relies on the facts that she has remarried and can now provide a better home for the children than she could at the time when they were placed in defendant's custody, and that defendant at times had been in arrears of his support payments. As to plaintiff's changed marital status, it has been held that this is not sufficient cause to change the custody of children unless it proves that the children's welfare would be affected thereby. (*Eggemeyer* at 231.) Other decisions have noted that the changed conditions that are relevant are those of the custodial parent (defendant here). (*Bulandr v. Bulandr*, 23 Ill.App.2d 299, 303, 162 N.E.2d 585.) As to the support payments, the court made a specific finding that the defendant had substantially complied with them. Furthermore, the failure to make child support payments as provided by a decree does not, in itself, constitute a change of conditions sufficient to warrant a change of custody. *Eggemeyer* at 232.

■■ There is no question raised as to the fitness of the defendant to adequately care for the children; plaintiff agreed as to his fitness. The evidence in the record fails to show any deterioration in the conditions of defendant's home life since he was awarded custody of the two children in August 1966. After a careful review of the evidence, we conclude that the trial court's determination that it was in the best interests of the two minor children that they remain in the defendant's custody was not against the manifest weight of the evidence. See *Jenkins v. Jenkins*, 81 Ill.App.2d 68, 74, 75, 225 N.E.2d 698.

Plaintiff has cited *Norris v. Norris*, 121 Ill.App.2d 226, 257 N.E.2d 545, in urging that she be awarded custody. *Norris* is factually inapposite. It is sufficent to note that in *Norris* the mother who was petitioning for custody of her child did not have to show that a "change of circumstances" had occurred since the previous award of custody to the father had been erroneous; this is not true in the instant case. Furthermore, there the trial court which was in the best position to judge the credibility of the witnesses and whose decisions, as noted earlier, will not be disturbed absent an abuse of discretion, concluded that it was in the best

interest of the child to be in the custody of the mother. Here the trial court concluded that it was in the best interests of the two minor children to remain in the defendant's custody.

In the United States Supreme Court's decision remanding this cause to our court, it was ordered that plaintiff reimburse defendant in the sum of $100 for costs incurred in his appeal to the Supreme Court. The cause will therefore have to be remanded for the entry of said order.

The decision of the circuit court is affirmed and the cause remanded with directions to enter an order assessing the $100 costs to the plaintiff.

Affirmed and remanded with directions.

LORENZ, P. J., and ENGLISH, J., concur.