VIRGINIA ANN HENRIKSON, Plaintiff-Appellant, *v.* GLEN EDWARD HENRIK-SON, Defendant-Appellee.

(No. 73-210; )

Third District—February 28, 1975.

38

James D. Reynolds, of Peoria, for appellant.

Morton S. Goldfine, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Virginia Ann Henrikson, plaintiff, filed a suit for divorce against Glen Edward Henrikson in the Circuit Court of Peoria County. In her complaint the plaintiff charged that the defendant was guilty of extreme, continuous and repeated mental cruelty. After trial by jury a verdict was returned in favor of the plaintiff, and on January 16, 1973, the trial court signed a decree granting the plaintiff a divorce on the grounds of extreme and repeated mental cruelty. On February 22, 1973, the plaintiff filed a petition in which, in addition to matters pertaining to property settlement, alimony, child support and attorney fees, she prayed that she be granted custody of two minor children, namely, Angela Henrikson and Erik Henrikson. At the time this petition was filed Angela was 15 years of age and Erik was 11.

On September 10, 1973, the trial judge during a conference with the parties and their respective counsel announced his decision in regard to a property settlement, attorney fees and custody of the children. The custody of the minor child Angela was to be awarded to the plaintiff, and the defendant was to receive custody of the son, Erik. The following day the trial court signed an order embodying such decision as to the custody of the two children. On September 19, 1973, the plaintiff filed a motion asking that the trial court's order of September 11, 1973, be reconsidered as far as it related to the custody of the minor son, Erik. This motion alleges that the trial court heard no evidence relating to custody and that the order granting custody of the child Erik emanated from a

conference in the judge's chambers and was summarily entered. The trial court did not reconsider its order relating to custody, and the plaintiff appeals to this court from that portion of the order of September 11, 1973, which granted custody of the minor child Erik to the defendant.

The plaintiff contends that the trial court's order regarding custody of the minor son should be reversed because it was not based upon evidence properly admitted and incorporated into the record.

■■ We are cognizant of the rule that courts of review have a policy of recognizing broad discretion in a chancellor called upon to award custody of children and that the paramount consideration in all custody determinations is what is "for the benefit of the child." We are of the opinion, however, that in order to make the proper determination as to what decision is in the child's best interest there should be a hearing on the question of custody. Nothing short of a hearing relating to unfitness and the interest of the child and a finding thereon is adequate support for an order changing custody. (*Szczawinski v. Szczawinski*, 37 Ill.App.2d 350, 185 N.E.2d 375.) The *Szczawinski* case dealt with a post-divorce decree proceedings whereby the question as to a "change of custody" was presented; however, we believe that the rule enunciated is just as applicable when the first custody determination is made. Where the custody of a minor child is in dispute between a mother and father a hearing should be had, whereby evidence on the question is adduced after the parties have had the opportunity to present testimony and each party as well as other witnesses are available for cross examination. A custody question presents an adversary proceedings and as such proof must be produced in open court by examination and cross examination of witnesses. (See *Patton v. Armstrong*, 6 Ill.App.3d 998, 286 N.E.2d 351.) After evidence is presented in such a manner, then, hopefully, the court will be better informed and thus be able to make a wise and just judgment.

After a conference in chambers where a determination was made that the custody of Erik should be awarded to the defendant, the trial judge made the following observation:

> "It is my judgment he [Erik] has been under the domination of too many feminine individuals."

The trial court may well be correct in arriving at this finding, but the record is barren of any evidence which establishes factors to support such a conclusion or finding.

■■ A custody determination by a trial court is subject to an appeal by a reviewing court, and as the result of failing to have a separate hearing pertaining to custody this court is placed in the position of being unable to consider the evidence and examine the factors which led to

the trial court's decision. While there cannot be the slightest doubt that the trial judge in this case proceeded from the best of motives, and that his sole concern was the welfare of the child, still we cannot permit a procedure which makes it impossible to review the propriety of his decision. See *Walter v. Walter*, 61 Ill.App.2d 476, 209 N.E.2d 691.

The defendant argues that in the trial for divorce the court heard testimony concerning the defendant's dedication to employment and his love for his wife and family, as well as his desire for a reconciliation. There was also testimony introduced as to the defendant's temperament, character and capabilities. This testimony must be classified as peripheral in nature as far as the question of custody was concerned since this question was not an issue during the trial, which was had only for the purpose of determining whether or not grounds for a divorce existed. After such grounds were established a further hearing conducted with the requisite formalities and governed by the established rules of evidence should have been had on the matter as to who should be granted the custody of the son Erik. To hold otherwise would strip a reviewing court of its powers and duty to examine the factors and reasoning upon which a trial court based its decision.

■■ The defendant argues that the plaintiff ignored the trial court's offer to conduct a separate custody hearing, the effect of which constituted a waiver. In our opinion the record belies such a conclusion. The plaintiff during the conference with the trial judge persisted in expressing displeasure in regard to the judge's decision. It is true that she asked the court if she would have a chance to appeal the custody question. We do not interpret the plaintiff's use of the word "appeal" to mean that she was willing to forego or waive all further hearings at the trial court level. A practical interpretation of her statement is that as a layman she was concerned and, the record discloses, vitally concerned as to whether or not she would have further recourse on the custody question. This interpretation is further reinforced by the action of the plaintiff when 8 days later she filed a motion to reconsider the trial court's order which was entered and which granted custody of Erik to the defendant.

For the reasons set forth the judgment of the Circuit Court of Peoria County relating to the custody of the minor child Erik Henrikson is reversed, and this cause is remanded with directions that a hearing on this question be had.

Reversed and remanded with directions.

DIXON and STOUDER, JJ., concur.